TIMOTHY COURCHAINE
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Arizona State Bar No. 016742
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: jacqueline.schesnol@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR 22-00700-002-PHX-MTL |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES'** |
| Manuel Salazar, | **SENTENCING MEMORANDUM** |
| Defendant. | |

Defendant Manuel Salazar ("Defendant" or "Salazar") pleaded guilty to Count 108, False Statements During the Purchase of a Firearm. The United States concurs with the recommendation in the Presentence Report ("PSR") and recommends Defendant Salazar be sentenced a custodial sentence of 48-months of imprisonment, which is the below the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.").

The United States has no legal objections or factual corrections to the PSR. (ECF 50.) The United States agrees with the PSR calculations resulting in a Total Offense Level of 25 and Criminal History Category I. PSR at ¶¶ 38, 43, and 67. This results in a Guidelines range of 57-60 months' imprisonment.

The United States's sentencing recommendation is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      FACTS AND PROCEDURAL HISTORY**

A grand jury indicted Defendant Salazar on June 21, 2022. (Doc. 1.) Salazar failed to appear at the Initial Appearance to which he was summoned, and he instead went to Mexico. As a result, a warrant was issued for his arrest. Salazar was ultimately arrested in June 2025. On October 3, 2025, Defendant Salazar pleaded guilty to Count 108 of the Indictment, False Statement During the Purchase of a Firearm, in violation of 18 United States Code §§ 924(a)(1)(A). (Doc. 27.)

The facts giving rise to Salazar's crime are detailed in the plea agreement and further detailed in the PSR, including, his coming to Arizona from California to purchase 39 firearms, between September 2021 to March 2022; those firearms were then transported to California and Mexico. (PSR at ¶¶ 7-17 and 19-21.)   Salazar's co-defendant, Andrew Moon, purchased 106 firearms. (PSR at ¶¶ 18.)[1]

**II.     UNITED STATES' SENTENCING RECOMMENDATION**

Based on the analysis below, the United States recommends that Salazar receive a prison sentence of 48-months incarceration, which is below the Guidelines. The government also recommends the term of incarceration be followed by a term of three-years' supervised release. The United States will dismiss Counts 1, 79-107 and 109-110 of the Indictment, as to Defendant Salazar only.

**A.      A Prison Sentence is Appropriate Pursuant to § 3553(a)**

The Sentencing Guidelines range is the "starting point and the initial benchmark" for all sentencing proceedings and should be "kept in mind throughout the process." *United*

---

[1] Under a "relevant conduct" theory, Defendant Salazar could be held responsible for both the firearms he purchased, as well as the firearms purchased by co-defendant Moon. Pursuant to U.S.S.G. § 2K2.1(b)(1)(D), an eight-level enhancement could have been included as a specific offense characteristic. Had the eight-level enhancement been applied, the Total Offense Level would have been 27, with a Criminal History Category I, which would have resulted in a Guidelines range of 70-87 months' imprisonment.

*States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citations omitted).  The Sentencing Guidelines range is not presumed to be reasonable, but instead is only one of the § 3553(a) factors to be considered by the Court.  *Id*. (citations omitted).  When a court determines that a sentence outside of the Guidelines range is warranted, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id*. (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)).  As such, "a major departure should be supported by a more significant justification than a minor one." *Id*. at 992 (quoting *Gall*, 552 U.S. at 50).

In the present case, based on the reasons set forth herein, the United States submits that a 48-month prison sentence below the Guidelines for Defendant Salazar is a fair and just sentence, which is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).  The United States notes this recommendation is a below Guidelines sentence. The basis for this recommendation is primarily based on the similar facts used as a basis for the application of two specific offense characteristics.[2]  Applying both these enhancements causes a particularly high Guideline range.   The United States recommends that Salazar receive a prison sentence of 48-months incarceration.[3]

### 1.    Nature and Circumstances of the Offense

The Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(1).  Defendant Salazar made multiple trips from California to Arizona to scout purchase firearms. Between approximately July 16, 2021, and March 22, 2022, Defendant

---

[2] A four-level enhancement was added pursuant to both U.S.S.G. § 2K2.1(b)(5) and § 2K2.1(b)(6)(A), based on similar facts that the firearms were packaged and concealed so they could be smuggled into Mexico.

[3] Had the eight-level enhancement been applied pursuant to U.S.S.G. § 2K2.1(b)(1)(D), and only one four-level enhancement been applied pursuant to either U.S.S.G. § 2K2.1(b)(5) or § 2K2.1(b)(6)(A), the Total Offense Level would have been 23, with a Criminal History Category I, which would have resulted in a Guidelines range of 46-57 months' imprisonment.

Salazar and his co-defendant, Andrew Moon, purchased over 150 firearms at 20 different FFLs by completing over 100 ATF Forms 4473.  Based on information found on the two defendants' phones, records show the two traveled between California and Arizona, and border crossing records show they traveled to Mexico close in time to the dates they purchased firearms.  This case involves multiple instances of purchasing firearms; this was not a one-time lapse in judgement.  The nature and circumstances of Salazar's actions justify a prison sentence.

### 2.      Defendant's History and Characteristics

Defendant Salazar's history is set forth in the PSR.  He appears to have been raised in a loving household with his basic needs having been met.  Despite that, Salazar has had previous contact with law enforcement.  It is also relevant that Salazar absconded from the jurisdiction and went to Mexico to initially avoid taking responsibility for this crime.   A prison sentence is warranted in this case.

### 3.      Seriousness of the Offense

Defendant's sentence must "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).  Obtaining firearms in Arizona and then bringing those to California and Mexico is quite serious.  This was obviously done because the firearms laws in California and Mexico are stricter than those of Arizona, thus firearms are less expensive in Arizona and easier to obtain.  Salazar's offense is serious and warrant a prison sentence.

### 4.      The Need for Adequate Deterrence

The sentence must also "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B).  A prison sentence is appropriate to deter Defendant from committing future crimes.  The need for deterrence also extends beyond preventing recidivism by Defendant.  General deterrence is about preventing criminal behavior by the population at large and, therefore, incorporates some consideration of persons beyond the defendant. *See United States v. Politano*, 522 F.3d 69, 74 (1st Cir. 2008); *United States v. Medearis*, 451 F.3d 918, 920-21 (8th Cir. 2006) (holding that courts must give "proper weight" to general

deterrence as "one of the key purposes of sentencing").   Defendant Salazar needs to be deterred from engaging in criminal conduct, and his sentence must be sufficient to deter him, and others who engage in criminal conduct, from future illegal acts.

### 5.  Protecting the Public

The Court should also consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(2)(C).   Defendant Salazar's conduct is serious and dangerous.

### 6.  Providing Needed Correctional Treatment

The sentence imposed should provide Defendant with necessary and effective "educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(D).  From a review of the PSR, it appears that Salazar could benefit from education and vocational skills, which he can receive in the Bureau of Prisons.

### B.  Three Years of Supervised Release is Appropriate Pursuant to § 3583(c)

The United States recommends that Defendant Salazar be placed on supervised release for three years.  This term is warranted by the nature and circumstances of Defendant's offense. *See* 18 U.S.C. § 3583(c) (referencing 18 U.S.C. § 3553(a)(1), etc.). It will provide the structure necessary to ensure Salazar remains law abiding.  This will protect the public from further crimes by Defendant Salazar and, hopefully, deter him from committing additional crimes in the future. *See id.* (referencing 18 U.S.C. § 3553(a)(2)(B) and (C)).

//
//
//
//
//
//
//
//

- 5 -

## III.   CONCLUSION

A recommendation of a 48-month custodial sentence is appropriate.  The United States further recommends that Defendant receive a term of three-years' supervised release and a $100 special assessment.  Finally, the United States moves to dismiss Counts 1, 79-107 and 109-110 of the Indictment.

Respectfully submitted this 26th day of January, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/ Jacqueline Schesnol*
JACQUELINE SCHESNOL
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that, on January 26, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Tony Rollman
Counsel for Defendant Salazar

*s/ J. Schesnol*
U.S. Attorney's Office